## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SPRINGFIELD DIVISION

| | |
|---|---|
| 9Round Franchising, LLC, | |
| *Plaintiff,* | Case No: _____ |
| v. | |
| First Round Fitness LLC & Deanna Brewer, | DEMAND FOR JURY TRIAL |
| *Defendants.* | |

## COMPLAINT

Plaintiff 9Round Franchising, LLC ("9Round") for its Complaint against Defendants First Round Fitness LLC and Deanna Brewer (individually and collectively, "First Round") alleges the following:

## INTRODUCTION

1.      This action arises out of First Round's knowing infringement of 9Round's federally registered and common law trademarks, 9Round's federally registered copyrights, and 9Round's trade dress.

2.      9Round and its licensees operate kickboxing and martial arts fitness studios. They also offer other goods and services in connection with their 9Round-branded kickboxing and martial arts fitness studios. 9Round has been using trademarks featuring "9ROUND" since at least as early as 2008. 9Round has invested substantial sums of money to build its "9ROUND" brand. Through more than 14 years of continuous use of trademarks featuring "9ROUND" and successful policing of infringers, these trademarks have developed invaluable goodwill.

3.      Despite 9Round's prior use of trademarks featuring "9ROUND", First Round has knowingly adopted trademarks utilizing various numbers and the word "ROUND" in connection with First Round's highly related physical fitness services and other related goods and services.

1

4.  First Round undoubtedly knows about 9Round's superior trademark rights. In fact, First Round purchased its studio from a previous franchisee of 9Round.

5.  9Round has also developed material including videos and texts which are subject to federal copyright registrations. On information and belief, First Round has utilized and continues to utilize 9Round's copyrighted material as part of its fitness programs.

6.  9Round has developed trade dress for its kickboxing and martial arts fitness studios. First Round has utilized and continues to utilize 9Round's trade dress as part of its fitness studios.

7.  First Round has failed to meaningfully respond to 9Round's demands that First Round cease using its infringing marks and cease infringing 9Round's copyrighted material. In fact, First Round committed further acts of willful infringement after receiving 9Round's demands. As a result, 9Round had no choice but to file this action for trademark infringement and unfair competition under the Lanham Act and common law, and copyright infringement under the Copyright Act. 9Round seeks an injunction to stop First Round's infringing uses, monetary damages, enhanced damages, costs, and attorneys' fees based on First Round's willful infringement.

## PARTIES

8.  9Round is a South Carolina limited liability company with its principal place of business in Simpsonville, South Carolina.

9.  Upon information and belief, First Round Fitness LLC is a Missouri limited liability company with a principal address of 3132 West Wick Street, Springfield, Missouri 65810. 9Round believes Deanna Brewer resides in the Western District of Missouri.

## JURISDICTION AND VENUE

10.  Pursuant to 28 U.S.C. § 1121, § 1331, § 1338(a), and § 1400, this Court has federal

question subject matter jurisdiction over 9Round's federal claims arising under Sections 32 and 43 of the Lanham Act and Chapter 5 of the Copyright Act.

11.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental subject matter jurisdiction over 9Round's state claims because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Pursuant to principles of general and specific jurisdiction, this Court has personal jurisdiction over First Round because First Round and Deanna Brewer are domiciled in this district and have committed acts of trademark infringement, unfair competition, and copyright infringement in this district.

13.     Pursuant to 28 U.S.C. § 1391, venue is proper in this district and division.

## FACTS
## 9Round's Trademarks

14.     9Round and its licensees operate kickboxing and martial arts fitness studios. 9Round is also a provider of streaming fitness classes, a provider of physical fitness services, and a retailer of apparel and kickboxing equipment both at brick-and-mortar studios and online.

15.     Since 2008, 9Round has grown from a single gym in Greenville, South Carolina to an international fitness brand with hundreds of locations throughout the United States and internationally.

16.     9Round currently has nine franchise locations in Missouri.

17.     9Round owns multiple federally registered trademarks incorporating "9ROUND", including:

        a.      On April 7, 2009, federal Registration No. 3,601,884 issued for the mark:

3



(the "9Round & Glove Design Mark") in International Class ("IC") 41 for physical fitness conditioning classes, physical fitness consultation, physical fitness instruction, and physical fitness training services. This registration has a first use in commerce date of March 15, 2008 and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the 9Round & Glove Design Mark. A true and accurate copy of the registration certificate for the 9Round & Glove Design Mark is attached as Exhibit 1.

b.      On July 22, 2014, federal Registration No. 4,571,726 issued for the trademark, "9ROUND", in standard characters (the "9ROUND Word Mark"), in IC 25 for t-shirts, polo shirts, jackets, hats, and sweatshirts; IC 28 for boxing gloves, hand wraps, and punching bags; and IC 41 for physical fitness conditioning classes, physical fitness instruction, physical fitness studio services, namely, providing exercise classes, body sculpting classes, and group fitness classes, physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities, physical fitness training of individuals and groups, physical fitness training services, providing a web site featuring information on exercise and fitness, providing assistance, personal training and physical fitness consultation to individuals to help them make physical fitness, strength, conditioning, and

exercise improvement in their daily living, providing classes, workshops, seminars and camps in the fields of fitness, exercise, boxing, kick boxing and mixed martial arts, providing fitness and exercise facilities, providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts. This registration has a first use in commerce date of March 15, 2008 and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the 9ROUND Word Mark. A true and accurate copy of the registration certificate for the 9ROUND Word Mark is attached as Exhibit 2.

c.     On July 19, 2022, federal Registration No. 6,797,212 issued for the trademark, "9ROUND", in standard characters (the "9ROUND Word Mark IC 35"), in IC 35 for Retail store services in the fields of exercise, fitness, nutrition, and kickboxing; On-line retail store services featuring goods in the fields of exercise, fitness, nutrition, and kickboxing; Franchise services, namely, offering business management assistance in the establishment and operation of physical fitness studios; Franchise services, namely, offering business management assistance in the establishment and operation of kickboxing fitness exercise facilities; Franchising, namely, offering business management assistance in the establishment and/or operation of physical fitness studios; Franchising, namely, offering business management assistance in the establishment and/or operation of kickboxing fitness exercise facilities; Franchising services, namely, providing financial

information and advice regarding the establishment and/or operation of physical fitness studios; Franchising services, namely, providing financial information and advice regarding the establishment and/or operation of kickboxing fitness exercise facilities; Franchising services, namely, providing marketing and advertising for physical fitness studios. This registration has a first use in commerce date of April 2009 and is in full force and effect. A true and accurate copy of the registration certificate for the 9ROUND Word Mark IC 35 is attached as Exhibit 3.

d.  On March 31, 2015, federal Registration No. 4,713,987 issued for the mark:



(the "9ROUND 30 MIN & Design Mark") in IC 25 for t-shirts, polo shirts, jackets, hats, and sweatshirts; IC 28 for boxing gloves, hand wraps, and punching bags; and IC 41 for physical fitness conditioning classes, physical fitness instruction, physical fitness studio services, namely, providing exercise classes, body sculpting classes, and group fitness classes, physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities, physical fitness training of individuals and groups, physical fitness training services, providing a web site featuring information on exercise and fitness, providing assistance, personal training and physical fitness consultation to individuals to help them make physical fitness, strength, conditioning, and exercise improvement in their daily living, providing classes, workshops, seminars

6

and camps in the fields of fitness, exercise, boxing, kick boxing and mixed martial arts, providing fitness and exercise facilities, providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts. This registration has a first use in commerce date of March 31, 2014 for ICs 25 and 41 and September 20, 2014 for IC 28 and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for 9ROUND 30 MIN & Design Mark. A true and accurate copy of the registration certificate for 9ROUND 30 MIN & Design Mark is attached as Exhibit 4.

e.    On March 14, 2023, federal Registration No. 7,002,025 issued for the mark:



(the "9ROUND & Design Mark IC 25") in IC 25 for Hats; Shirts; Sweatshirts; Hooded sweatshirts; Jackets; Polo shirts; T-shirts; Headwear, namely, hats and caps. This registration has a first use in commerce date of 2021 and is in full force and effect. A true and accurate copy of the registration certificate for 9ROUND & Design Mark IC 25 is attached as Exhibit 5.

f.    On March 14, 2023, federal Registration No. 7,002,027 issued for the mark:

(the "9ROUND & Design Mark IC 35") in IC 35 for Retail store services in the fields of exercise, fitness, nutrition, and kickboxing; On-line retail store services featuring goods in the fields of exercise, fitness, nutrition, and kickboxing; Franchise services, namely, offering business management assistance in the establishment and operation of physical fitness studios; Franchise services, namely, offering business management assistance in the establishment and operation of kickboxing fitness exercise facilities; Franchising, namely, offering business management assistance in the establishment and/or operation of physical fitness studios; Franchising, namely, offering business management assistance in the establishment and/or operation of kickboxing fitness exercise facilities; Franchising services, namely, providing financial information and advice regarding the establishment and/or operation of physical fitness studios; Franchising services, namely, providing financial information and advice regarding the establishment and/or operation of kickboxing fitness exercise facilities; Franchising services, namely, providing marketing and advertising for physical fitness studios. This registration has a first use in commerce date of February 8, 2022 and is in full force and effect. A true and accurate copy of the registration certificate for 9ROUND & Design Mark IC 35 is attached as Exhibit 6.

g. On August 8, 2023, federal Registration No. 7,134,313 issued for the mark:

(the "9ROUND & Design Mark IC 41") in IC 41 for Physical fitness conditioning classes; Physical fitness instruction; Physical fitness training of individuals; Physical fitness training services; Providing physical fitness training assistance, personal training, and physical fitness consultation to individuals to help them make physical fitness, strength, conditioning, and exercise improvement in their daily living; Providing classes, workshops, seminars and camps in the fields of fitness, exercise, boxing, kickboxing and mixed martial arts; Providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts; Virtual physical fitness training services; Virtual gym services, namely, virtual training services in the field of physical fitness and fitness kickboxing; Physical fitness training services providing a website featuring information on exercise and physical fitness accessible through a global computer network and mobile devices. This registration has a first use in commerce date of February 8, 2022 and is in full force and effect. A true and accurate copy of the registration certificate for 9ROUND & Design Mark IC 41 is attached as Exhibit 7.

18. On September 22, 2015, federal Registration No. 4,818,919 issued for the mark:



(the "9R & Design Mark") in IC 28 for Boxing bags; boxing gloves; Boxing swivels; Punching

balls; Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, and punching mitts, and IC 41 for Physical fitness conditioning classes; Physical fitness instruction; Physical fitness studio services, namely, providing exercise classes, body sculpting classes and group fitness classes; Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups; Physical fitness training services; Providing a web site featuring information on exercise and fitness; Providing assistance, personal training and physical fitness consultation to individuals to help them make physical fitness, strength, conditioning, and exercise improvement in their daily living; Providing classes, workshops, seminars and camps in the fields of fitness, exercise, boxing, kick boxing and mixed martial arts; Providing fitness and exercise facilities; Providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts. This registration has a first use in commerce date of June 2015 for IC 28 and March 31, 2014 for IC 41 and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for 9R & Design Mark. A true and accurate copy of the registration certificate for 9R & Design Mark is attached as Exhibit 8.

19.     On June 27, 2017, federal Registration No. 5,233,948 issued for the mark:



(the "9ROUND PULSE & Design Mark) in IC 10 for Heart rate monitors. This registration has a first use in commerce date of August 2016 and is in full force and effect. The USPTO acknowledged the affidavit of incontestability for the 9ROUND PULSE & Design Mark. A true and accurate copy of the registration certificate for 9ROUND PULSE & Design Mark is attached as Exhibit 9.

20.     The 9ROUND & Glove Design Mark, the 9ROUND Word Mark, the 9ROUND Word Mark IC 35, the 9ROUND 30 MIN & Design Mark, the 9ROUND & Design Mark IC 25, the 9ROUND & Design Mark IC 35, the 9ROUND & Design Mark IC 41, the 9R & Design Mark, and the 9ROUND PULSE & Design Mark, and the federal registrations therefor, are collectively referred to as the "9ROUND Marks."

21.     Through extensive and continuous use of these marks in commerce and substantial investment in advertising, marketing, and promotion, the 9ROUND Marks have come to be identified exclusively with 9Round.

22.     9Round owns valid and protectable common law trademark rights in the 9ROUND Marks.

23.     Since at least the first use in commerce dates listed on the respective registration certificates, 9Round has continuously used the 9ROUND Marks to promote, identify, and distinguish its goods and services.

24.     Through 9Round's longstanding and continuous use and substantial investment in marketing and promotion, the public has come to associate the 9ROUND Marks with 9Round and the goods and services 9Round provides.

25.     9Round has invested substantial time and money in marketing and promoting the 9ROUND Marks.

26.     9Round has acquired substantial goodwill in the 9ROUND Marks. As a result, the 9ROUND Marks have become invaluable and irreplaceable assets of 9Round.

## 9Round's Copyrighted Material

27.     9Round owns multiple federally registered copyrights for its exercise training materials, including:

a.     On December 24, 2009, federal Registration No. PA0001690875 issued for motion picture "9Round Circuit Workout," which was applied for on July 8, 2008, and the basis of claim for which is "video production and selection and arrangement of exercises." (the "9Round Circuit Copyright"). On April 19, 2013, the 9Round Circuit Copyright was assigned from 9Round, LLC to 9Round Franchising, LLC. A true and correct copy of the registration of the 9Round Circuit Copyright is attached hereto as Exhibit 10.

b.     On September 26, 2019, federal Registration No. TX0008816785 issued for text "9Round Kickbox Detox," which was applied for on July 25, 2019 (the "9Round Kickbox Copyright"). A true and correct copy of the registration for the 9Round Kickbox Copyright is attached hereto as Exhibit 11.

c.     On December 5, 2023, federal Registration No. PA0002449571 issued for motion picture "9Round 365," which was applied for on April 14, 2023 (the "9Round 365 Copyright"). A true and correct copy of the registration for the 9Round 365 Copyright is attached hereto as Exhibit 12.

28.     The 9Round Circuit Copyright, the 9Round Kickbox Copyright, and the 9Round 365 Copyright are collectively referred to as the 9Round Copyrights.

29.     9Round has invested substantial time and money in the development of the 9Round Copyrights.

**9Round's Trade Dress**

30.     Through extensive and consistent advertising, promotion, and publicity, 9Round has obtained and holds unique and distinctive trade dress in the design of its kickboxing and martial arts fitness studios. Specifically, the interior of 9Round's kickboxing and martial arts fitness

studies are designed to include a combination of red brick and red and black paint (the "Red-and-Black Trade Dress"). Moreover, 9Round's kickboxing and martial arts fitness studios have signage above each station and on the wall or equipment at each station with the word "ROUND" stylized in black with a red half-circle inside the "O" and the station number in black (the "ROUND # Signage Trade Dress"). The Red-and-Black Trade Dress and the ROUND # Signage Trade Dress are collectively referred to as the 9Round Trade Dress. Examples of the 9Round Trade Dress are shown below:

| Photograph example of the ROUND # Signage Trade Dress above each station |  |
| --- | --- |

| | |
|---|---|
| Photograph example of the ROUND # Signage Trade Dress above each station and on the equipment at each station and example of the Red-and-Black Trade Dress |  |
| Photograph example of the ROUND # Signage Trade Dress above each station and on the wall at each station and example of the Red-and-Black Trade Dress |  |

| Photograph example of the ROUND # Signage Trade Dress above each station and example of the Red-and-Black Trade Dress |  |
| --- | --- |

31.     The 9Round Trade Dress is inherently distinctive, or at minimum, has acquired distinctiveness through secondary meaning as 9Round has consistently used the distinctive 9Round Trade Dress for more than five years to identify kickboxing and martial arts fitness studios as 9Round studios.

32.     The 9Round Trade Dress does not serve a functional purpose. First, the Black-and-Red Trade Dress is an ornamental color scheme and has no function. Next, the ROUND # Signage Trade Dress uses the term "round" as an homage to the 9Round brand and stylizes "round" in an arc and with black typeface and a red half-circle inside the "O" above the station number in black. All of these features are non-functional.

**First Round's Infringing Activity**

33.     Upon information and belief, First Round describes itself as a "vibrant and inclusive gym" and "an energetic community of fitness lovers committed to supporting your success."

34.     First Round operates its gym in a former 9Round location.

35.     On information and belief, First Round purchased or leased its premises, the customer list, and the equipment from a former 9Round franchisee.

36.     First Round has implied that it is associated with 9Round, including on a Private Facebook Group that, as of August 29, 2024, was utilizing the phrase "New owners, Same Great Workout!" *See* https://www.facebook.com/groups/1stroundfitnesskickboxing.

37.     First Round utilizes the mark "FIRST ROUND" for personal fitness training services and physical fitness training of individuals and groups, physical fitness studio services, providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts, boxing equipment (e.g., boxing gloves, boxing bags, etc.), and clothing (the "FIRST ROUND Word Mark"). First Round also



utilizes the design mark                    for personal fitness training services and physical fitness training of individuals and groups, physical fitness studio services, providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts, boxing equipment (e.g., boxing gloves, boxing bags, etc.), and clothing (the "FIRST ROUND Design Mark"). The FIRST ROUND Word Mark and the FIRST ROUND Design Mark are collectively referred to as the FIRST ROUND Marks.

38.     First Round uses the FIRST ROUND Marks repeatedly on its website accessible at https://www.1stroundspringfield.com/. First Round also utilized the FIRST ROUND Marks on its social media, including on its Private Facebook page accessible at https://www.facebook.com/groups/1stroundfitnesskickboxing as of August 29, 2024.

39.     First Round utilizes other marks which contain a numerical figure and the word "ROUND" for personal fitness training services and physical fitness training of individuals and groups, physical fitness studio services, providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts (the "Numerical ROUND Marks"). For example, prior to and including on August 29, 2024, First Round's website repeatedly used "10 ROUND" and "10 ROUNDS," including at one point stylizing it like the 9ROUND Marks with no space between the number and the word "Round," as shown below:

**OUR GYM**

## READY FOR 10 ROUNDS?

### WHAT HAPPENS DURING A 10ROUND KICKBOXING WORKOUT?

Moreover, First Round used the phrase "9 ROUNDS" on its website, further alluding to the 9ROUND Marks:

| **ROUND 1 & 2** | **ROUND 3-8** | **ROUND 9** |
|---|---|---|
| Functional movement training using dumbbells, kettlebells, medicine balls, jump ropes and other equipment to build strength and stamina. | The real fun begins with punching and kicking various boxing and kickboxing bags to build power and coordination. Learn real kickboxing techniques and feel your skills growing with every hit you land. | Time to hit the mat. Tighten and strengthen your core with challenging moves that improve the way you feel at work and at play. The entire workout strengthens your core, but on Round 9 you'll really feel it. |

## SURVIVE ALL 9 ROUNDS?

### Let's Move Into The 10th Round!

The 10th round will be with a trainer one on one before you leave. Personalized based on what YOU need that day - holding mitts for you, correcting form and more!

A true and correct copy of First Round's website as of August 29, 2024 is attached hereto as Exhibit 13.

40.     First Round has emphasized a connection between 9Round and First Round, designing its website to be similar to 9Round's website (https://www.9round.com/). In fact, First Round copied images from 9Round's websites, including those that depict 9Round employees.

41.     First Round copied the photograph below from the 9Round website. This photograph includes 9Round employees and the 9R & Design Mark.



42.     Further, First Round copied the photographs below from the 9Round website, which also depict 9Round employees, the 9ROUND Marks, and the 9Round Trade Dress as shown below:



**WELCOME TO FIRST ROUND FITNESS**

## Your Premier Destination for Fitness Transformation!

First Round uses a beginner-friendly foundation of kickboxing to create a workout that works for any fitness level, from beginner to elite athlete. Nothing else out there feels as good as kicking and punching a bag. Give it a try and you'll see. Where else do you get a chance to unleash your inner badass?

**GET STARTED**



**ROUND 1 & 2**



**ROUND 3-8**



**ROUND 9**





43.     The use of 9Round's photographs is slavish copying of 9Round copyrightable works and shows a blatant attempt to imitate 9Round and willfully misappropriate 9Round's intellectual property.

44.     Upon information and belief, First Round has used the FIRST ROUND Marks and the Numerical ROUND Marks throughout Missouri.

45.     Upon information and belief, First Round copies, displays, distributes, and/or utilizes protected elements of the 9Round Copyrights without 9Round's authorization.

46.     On August 29, 2024, 9Round sent a cease-and-desist letter to First Round, demanding they cease using the FIRST ROUND Marks and the Numerical ROUND Marks within 10 days.

47.     On September 6, 2024, Deanna Brewer reached out to the undersigned counsel and informed them that they should direct any further communication to her legal counsel, Corey Kilburn at Round Table Legal.

48.     That same day, the undersigned emailed Mr. Kilburn.

49.     On September 10, 2024, after the expiration of the 10 days identified in the cease-and-desist letter, Mr. Kilburn reached out and stated that he was out of the office but would respond "asap." Mr. Kilburn did not acknowledge or ask for any extension of the 10 days.

50.     After receiving 9Round's demand letter, First Round altered its website and added infringing material that was previously not on its website. A true and correct copy of First Round's website as of September 10, 2024, is attached hereto as Exhibit 14.

51.     First Round included new photographs on its website that infringe the 9ROUND Marks and the 9Round Trade Dress. For example, one photograph depicts a child pointing to a white board and zooming in this photograph clearly shows the 9ROUND 30 MIN & Design Mark.[1] In an apparent recognition by First Round that the depiction of the 9ROUND 30 MIN & Design Mark constitutes infringement, First Round appears to have added a hand-drawn "1" over a clearly visible "9." This photograph also shows use of the Red-and-Black Trade Dress.

---

[1] 9Round is sensitive to privacy matters for material that clearly depicts children and therefore has chosen to redact childrens' identities in this instance. Should the identity of a child become relevant, 9Round will address any privacy concerns with First Round at that time. 9Round has similarly redacted Exhibit 14.

Case 6:24-cv-03269-MDH   Document 1   Filed 09/13/24   Page 21 of 34



Another photograph shows Deanna Brewer wearing a glove with the 9R & Design Mark (and a ® symbol) with the "ROUND 9 sign" shown behind her which is identical to the ROUND # Signage Trade Dress.



Another set of First Round photographs show both the ROUND # Signage Trade Dress above each station and on the wall at each station. These photographs also show the Red-and-Black Trade Dress.



Another photograph shows a group of people standing in the studio, with both the Red-and-Black Trade Dress, the ROUND # Signage Trade Dress on the wall at each station and above each station, and the 9ROUND Pulse & Design Mark visible.



52. Despite 9Round's letter, First Round continues to use the FIRST ROUND Marks, the Numerical ROUND Marks, and the 9Round Trade Dress.

<u>COUNT I</u>
**(Trademark Infringement – 15 U.S.C. § 1114)**

53. 9Round realleges and incorporates by reference each of the above paragraphs.

54. 9Round owns the 9ROUND Marks.

55. 9Round has current and valid federal registrations for the 9ROUND Marks.

56. 9Round has priority and superior rights in its 9ROUND Marks vis-à-vis First Round and the FIRST ROUND Marks and Numerical ROUND Marks.

57. 9Round is the earlier user in commerce of its 9ROUND Marks vis-à-vis First Round and the FIRST ROUND Marks and Numerical ROUND Marks.

58.     Since at least the first use in commerce dates listed on the respective registration certificates, 9Round has continuously used the 9ROUND Marks in commerce.

59.     The 9ROUND Marks are legally protectable.

60.     First Round has used the FIRST ROUND Marks, the Numerical ROUND Marks, and identical copies of the 9ROUND Marks in commerce in connection with the sale, offering for sale, distribution, and advertising of its goods and services.

61.     First Round uses the FIRST ROUND Marks, the Numerical ROUND Marks, and identical copies of the 9ROUND Marks in geographical territories in which 9Round uses its 9ROUND Marks.

62.     9Round did not authorize or consent to First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, or the 9ROUND Marks.

63.     First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

64.     First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks constitutes trademark infringement in violation of 15 U.S.C. § 1114.

65.     First Round is willfully infringing the 9ROUND Marks despite having actual knowledge of 9Round's rights in the 9ROUND Marks and actual knowledge that such use is likely to cause confusion, mistake, or deception.

66.     First Round's infringement is causing 9Round to suffer irreparable harm for which 9Round has no adequate remedy at law.

67.     First Round's infringement will continue and escalate unless enjoined by this Court.

68.     First Round's infringement has proximately caused 9Round to suffer damages.

69.     9Round is entitled to injunctive relief and to recover First Round's profits, actual damages, enhanced profits and damages, a reasonable royalty, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117 and all other applicable law.

## COUNT II
### (Unfair Competition – 15 U.S.C. § 1125(a))

70.     9Round realleges and incorporates by reference each of the above paragraphs.

71.     9Round owns the 9ROUND Marks.

72.     The 9ROUND Marks are legally protectable.

73.     9Round has priority and superior rights in its 9ROUND Marks vis-à-vis First Round and the FIRST ROUND Marks and Numerical ROUND Marks.

74.     9Round is the earlier user in commerce of its 9ROUND Marks vis-à-vis First Round and the FIRST ROUND Marks and Numerical ROUND Marks.

75.     9Round has used the 9ROUND Marks in commerce in connection with the sale, offering for sale, distribution, and advertising of its goods and services since at least as early as the dates listed in the respective registrations for the 9ROUND Marks.

76.     9Round did not authorize or consent to First Round's use of the FIRST ROUND Marks and Numerical ROUND Marks.

77.     First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

78.     First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks constitutes unfair competition in violation of 15 U.S.C. § 1125.

79.     First Round's conduct is willful because it is using the FIRST ROUND Marks, the Numerical ROUND Marks, and the 9ROUND Marks despite having actual knowledge of 9Round's superior rights in the 9ROUND Marks and actual knowledge that such use is likely to cause confusion, mistake, or deception.

80.     First Round's conduct is causing 9Round to suffer irreparable harm for which 9Round has no adequate remedy at law.

81.     First Round's conduct will continue and escalate unless enjoined by this Court.

82.     First Round's conduct has proximately caused 9Round to suffer damages.

83.     9Round is entitled to injunctive relief and to recover First Round's profits, actual damages, enhanced profits and damages, a reasonable royalty, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125 and all other applicable law.

## COUNT III
### (Common Law Trademark Infringement)

84.     9Round realleges and incorporates by reference each of the above paragraphs.

85.     9Round owns valid and legally protectable common law rights in the 9ROUND Marks.

86.     The 9ROUND Marks are legally protectable.

87.     9Round has priority and superior rights in its 9ROUND Marks vis-à-vis First Round and the FIRST ROUND Marks and the Numerical ROUND Marks.

88.     9Round is the earlier user in commerce of its 9ROUND Marks vis-à-vis First Round and the FIRST ROUND Marks and the Numerical ROUND Marks.

89.     First Round has used the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks in commerce in connection with the sale, offering for sale, distribution, and advertising of its goods and services.

90.     First Round uses the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks in geographical territories in which 9Round uses its 9ROUND Marks.

91.     9Round did not authorize or consent to First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, or the 9ROUND Marks.

92.     First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks, is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

93.     First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the 9ROUND Marks constitutes common law trademark infringement.

94.     First Round's infringement is causing 9Round to suffer irreparable harm for which 9Round has no adequate remedy at law.

95.     First Round's infringement will continue and escalate unless enjoined by this Court.

96.     First Round's infringement has proximately caused 9Round to suffer damages.

97.     9Round is entitled to injunctive relief and to recover First Round's profits, actual damages, a reasonable royalty, costs, and reasonable attorneys' fees under all applicable law.

98.     Upon information and belief, First Round acted willfully. 9Round is therefore entitled to punitive damages.

## COUNT IV
### (Common Law Unfair Competition)

99.     9Round realleges and incorporates by reference each of the above paragraphs.

100.     9Round owns valid and legally protectable common law rights in the 9ROUND Marks.

101.     First Round has used the FIRST ROUND Marks, the Numerical ROUND Marks,

and identical copies of the 9ROUND Marks in commerce in connection with the sale, offering for sale, distribution, and advertising of its goods and services.

102.　9Round did not authorize or consent to First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, or the 9ROUND Marks.

103.　First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the identical copies of the 9ROUND Marks is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of the parties' goods and services.

104.　First Round's use of the FIRST ROUND Marks, the Numerical ROUND Marks, and the 9ROUND Marks constitutes common law unfair competition.

105.　First Round's conduct is causing 9Round to suffer irreparable harm for which 9Round has no adequate remedy at law.

106.　First Round's conduct will continue and escalate unless enjoined by this Court.

107.　First Round's conduct has proximately caused 9Round to suffer damages.

108.　9Round is entitled to injunctive relief and to recover First Round's profits, actual damages, a reasonable royalty, costs, and reasonable attorneys' fees under all applicable law.

109.　Upon information and belief, First Round acted willfully. 9Round is therefore entitled to punitive damages.

## COUNT V
### (Copyright Infringement - 17 U.S.C.A. § 501)

110.　9Round realleges and incorporates by reference each of the above paragraphs.

111.　9Round owns the 9Round Copyrights.

112.　The 9Round Copyrights are valid copyrights.

113.　On information and belief, First Round has copied, displayed, distributed, or

29

otherwise utilized protected elements of the 9Round Copyrights.

114.    9Round did not consent or authorize First Round to copy, display, distribute, or otherwise utilize protected elements of the 9Round Copyrights.

115.    First Round's use of protected elements of the 9Round Copyrights constitutes copyright infringement in violation of 17 U.S.C. § 501.

116.    First Round is willfully infringing the 9Round Copyrights despite having actual knowledge of 9Round's rights in the 9Round Copyrights.

117.    First Round's infringement is causing 9Round to suffer irreparable harm for which 9Round has no adequate remedy at law.

118.    First Round's infringement will continue and escalate unless enjoined by this Court.

119.    First Round's infringement has proximately caused 9Round to suffer damages.

120.    9Round is entitled to injunctive relief and to recover First Round's profits, actual damages, statutory damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502, 504, and 505 and all other applicable law.

### COUNT VI
### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

121.    9Round realleges and incorporates by reference each of the above paragraphs.

122.    The 9Round Trade Dress is used in commerce and is not functional.

123.    The 9Round Trade Dress is inherently distinctive. In the alternative, as a result of the widespread use of the 9Round Trade Dress, the 9Round Trade Dress has acquired distinctiveness and has established secondary meaning to potential purchasers, in that potential purchasers have come to associate 9Round's fitness services used with the 9Round Trade Dress with a single source.

124.    First Round's kickboxing and fitness studios use a trade dress that is confusingly

similar to the 9Round Trade Dress.

125.     First Round's use of the 9Round Trade Dress in connection with First Round's kickboxing and fitness studios is likely to confuse, or to cause mistake, or to deceive as to the affiliation, connection, or association of First Round with 9Round.

126.     First Round chose to use the 9Round Trade Dress with knowledge of 9Round's prior use of and rights in the 9Round Trade Dress.

127.     First Round's actions constitute willful trade dress infringement in violation of 15 U.S.C. §§ 1125(a).

128.     First Round's conduct is causing 9Round to suffer irreparable harm for which 9Round has no adequate remedy at law.

129.     First Round's conduct will continue and escalate unless enjoined by this Court.

130.     First Round's conduct has proximately caused 9Round to suffer damages.

131.     9Round is entitled to injunctive relief and to recover First Round's profits, actual damages, enhanced profits and damages, a reasonable royalty, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125 and all other applicable law.

**JURY DEMAND**

132.     9Round demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, 9Round respectfully requests that the Court enter judgment in its favor as follows:

A.     Finding First Round is liable for trademark infringement, unfair competition, and trade dress infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); trademark infringement and unfair competition under the common law; and copyright infringement in

31

violation of the Copyright Act, 17 U.S.C. § 501;

B.  Finding First Round's violations of the Lanham Act and the Copyright Act were willful;

C.  Finding that this is an exceptional case pursuant to 15 U.S.C. § 1117;

D.  Ordering an accounting of all the profits realized by First Round from its infringement of the 9ROUND Marks and infringement of the 9Round Copyrights;

E.  Awarding monetary relief to 9Round in the form of an accounting and payment by First Round of its profits it made from its unlawful activities, pursuant to 15 U.S.C. §§ 1114, 1117(a), 17 U.S.C. § 504, and other applicable law;

F.  Awarding monetary relief to 9Round in the form of an award of actual, compensatory, statutory, increased, exemplary, and punitive damages in an amount to be proven at trial;

G.  Awarding monetary relief to 9Round in the form of a reasonable royalty for First Round's use of marks confusingly similar to the 9ROUND Marks, pursuant to 15 U.S.C. § 1117(a) and other applicable law;

H.  Awarding 9Round treble damages pursuant to 15 U.S.C. § 1117 and other applicable law;

I.  Awarding 9Round its costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, and other applicable law;

J.  Entering a permanent injunction enjoining First Round and its agents, employees, representatives, partners, joint venturers, and anyone acting on its behalf or in concert with it from:

i.  Advertising, marketing, or selling any goods or services under the First

Round Marks or any other mark that is likely to cause confusion with the 9ROUND Marks;

ii. Using in commerce or facilitating the use in commerce of the FIRST ROUND Marks, the Numerical ROUND Marks, the 9ROUND Marks, or any other phrase, term, mark, trade name, logo, or design that falsely represents that, or is likely to confuse, mislead, or deceive the public into believing that goods or services advertised, marketed, sold, or offered for sale by First Round originate from 9Round, or that such goods or services have been sponsored, approved, or licensed by or associated with 9Round, or are in some way connected to or affiliated with 9Round;

iii. Copying, displaying, distributing, or otherwise utilizing protected elements of the 9Round Copyrights;

iv. Advertising, marketing, or selling any goods or services utilizing the 9Round Trade Dress;

v. Doing or allowing any act or thing which is likely to injure 9Round's business reputation or goodwill;

vi. Engaging in any acts of federal, state, or common law trademark infringement, false designation of origin, or unfair competition that would damage or injury 9Round; and

vii. Participating or assisting in the above activities;

K. Awarding 9Round both pre-judgment and post-judgment interest; and

L. Awarding 9Round such other and further relief as the Court may deem just and proper.

Dated: September 13, 2024

/s/ Beau Jackson

Beau Jackson, MO #70587
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Tel: 816.983.8000
Fax: 816.983.8080
beau.jackson@huschblackwell.com

Jennifer E. Hoekel, MO #45880*
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Tel: 314.480.1500
Fax: 314.480.1505
jennifer.hoekel@huschblackwell.com

Timothy L. Capria, TN #33235*
HUSCH BLACKWELL LLP
501 Commerce Street, Suite 1620
Nashville, TN 37203
Direct: 615.929.2250
Fax: 615.949.2241
tim.capria@huschblackwell.com

*Pro Hac Vice Application to be filed

**Attorneys for Plaintiff 9Round Franchising, LLC**